**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Smith Bazile,**<br>**Petitioner,**<br>**v.**<br>**Antone Moniz, et al.,**<br>**Respondents.** | **Civil Action No. 26- 15043-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

In his petition for writ of habeas corpus (Docket No. 1) petitioner Smith Bazile ("petitioner" or "Bazile") contends that Antone Moniz and other named respondents ("respondents") have violated his statutory and due process rights by refusing to grant him a bond hearing to which he is entitled under 8 U.S.C. §1226(a). Respondents assert that petitioner is instead detained pursuant to 8 U.S.C. §1225(b)(1). For the reasons that follow, the petition will be allowed.

## I. Facts

Petitioner is a native and citizen of Haiti. In 2023, he entered the country at the Miami International Airport in Miami, Florida, and was released on parole under the Haitian Humanitarian Parole program. Petitioner's parole expired on April 24, 2025.

In June, 2026, petitioner was arrested for operating a vehicle under the influence. On October 11, 2026, Immigration and Customs Enforcement ("ICE") issued an I-200 warrant for petitioner's arrest and arrested petitioner three days later. On the same day as his arrest, ICE issued a Notice to Appear charging petitioner as inadmissible because he was not in possession of any valid entry documents and was not admitted or paroled after inspection by an immigration officer.

## II. Petition for Writ of Habeas Corpus

Petitioner filed the present petition for writ of habeas corpus on November 9, 2026. He asserts that, as a non-citizen arrested within the interior of the United States, he is entitled to a bond hearing under 8 U.S.C. §1226(a). The government rejoins that because petitioner's parole under §1182(d)(5) expired on April 24, 2025, his arrest returns him to the mandatory detention scheme of §1225(b)(1) from which he was paroled.

This case presents issues substantially similar to those presented in Celestin v. Wesling, No. 26-11249-NMG (D. Mass. Apr. 16, 2026). In that case, petitioner, a Haitian national, was detained by the government four years after the expiration of his parole under §1182(d)(5). This Court acknowledged that, despite the belated arrest, the expiration of that petitioner's

parole required a return to custody under §1225(b)(1). It also reasoned that

> during the four-year interim petitioner lived freely in the interior, establishing the kind of sustained connections to the country that tend to implicate due process concerns.

Id. at *2. After balancing the interests at stake as set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), this Court concluded that those due process concerns required the government to provide petitioner with a bond hearing.

Although the petitioner in this case was arrested a little more than one year after the expiration of his parole, rather than four years as in Celestin, the Court concludes that the distinction is inconsequential. Until he was detained by ICE in October, 2026, petitioner continued to live in Massachusetts and work for Amazon. See Mesidor v. Moniz, No. 26-CV-12915-PBS, 2026 WL 2333634 (D. Mass. Aug. 12, 2026) (holding that a non-citizen who was arrested two years after his parole expired was entitled to a bond hearing); see also Joseph v. Moniz, No. 26-CV-10822-ADB, 2026 WL 2687530 (D. Mass. Sept. 14, 2026).

In sum, the government has not forfeited its right to re-detain petitioner pursuant to §1225(b)(1), but it is nevertheless required to provide him a bond hearing that

comports with the requirements of due process.

**ORDER**

For the foregoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**, in part, and **DENIED**, in part. The Court directs that, unless petitioner is afforded a bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this order, he is to be released.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 23, 2026